IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07CV328-03-MU

| | |
|---|---|
| CHRISTOPHER YOUNG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| OWNER AND MANAGERS, DAYS INN, ) | |
| ) | |
| Respondents. ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed October 10, 2007. (Document No. 1.) Upon careful consideration by the Court, for the reasons set forth herein, the Plaintiff's Complaint will be <u>dismissed</u>.

In his Complaint Plaintiff contends that on December 29, 2005 he was arrested at the Days Inn in Hendersonville, North Carolina for a crime he did not commit. Plaintiff left his bags at the Days Inn when he was taken into custody. Later, Plaintiff's step-father called the Days Inn and inquired as to when he could pick up Plaintiff's bag. He was told he could come by anytime. However, when he arrived at the hotel, he was told that Plaintiff's belongings had been donated to Goodwill. By way of relief, Plaintiff asks the that the hotel be held liable and that he be compensated for his loss in the amount of $2,570.00.

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. First, Plaintiff does not articulate a deprivation of a right secured by the Constitution. Next, neither the owner nor the manager of the Days Inn is a state actor amenable to suit under 28 U.S.C. § 1983. Thus, Plaintiff's Complaint must be dismissed.

Based upon the foregoing, the instant Complaint is hereby **DISMISSED** for failure to state a claim upon which relief can be granted.

**SO ORDERED.**

Signed: October 11, 2007

Title of Signing Officer
United States District Court